IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE M. EASTERLING

               Plaintiff,                            MEMORANDUM

    v.

                                                     3:07-cv-598-jcs

MATTHEW J. FRANK, RICHARD J. RAEMISCH
PHILLIP A. KINGSTON, MICHAEL THURMER,
LAURA WOOD, CHARLES BROWN and BETH LIND,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a separate order entered today, I vacated the January 3, 2008 scheduling order and asked the clerk of court to set a time for a status conference before United States Magistrate Judge Stephen Crocker.  Before the conference takes place, it appears that the following clarifications would be helpful to the parties.

When Judge Shabaz screened plaintiff's complaint, he stated in his screening order that he was allowing plaintiff to proceed on his First Amendment claim that defendants Matthew Frank, Richard Raemisch, Phillip Kingston, Michael Thurmer and Laura Wood denied him a "reasonable opportunity to practice his Jewish faith."  In addition, Judge Shabaz allowed plaintiff to proceed on his claim that when he complained about being

1

denied adequate nutrition, defendants Charles Brown and Beth Lind retaliated against him for exercising his First Amendment right by reducing even further the portions of his food. Defendants Steven Casperson, P. Wallace and Renee Ronzani were dismissed from the action.  (Subsequently, plaintiff conceded that Ronzani was properly dismissed.)

On December 11, 2007, plaintiff asked for leave to amend his complaint to make a number of cosmetic corrections to the complaint.  He appeared to ask as well that former defendants Casperson and Wallace be reinstated because they "took months to adequately address" plaintiff's inmate complaints about his lack of nutritional meals.  That motion was denied in an order dated December 12, 2007 as "not necessary to the pursuit of plaintiff's claims." Subsequently, on December 26, 2007, defendants answered the complaint.  On the same day, plaintiff asked for reconsideration of Judge Shabaz's previous orders.  In particular, he asked that he be allowed to proceed on claims that

1) defendants violated his rights under the Eighth Amendment when they refused to insure that his Kosher meals included adequate nutrition to sustain his health;

2) defendants violated his Fourteenth Amendment right to equal protection when they served him less food than non-Jewish prisoners;

3) defendants violated his First Amendment rights when they refused to allow him to wear his yarmulke any time he travels "more than two meters";

4) defendants violated his First Amendment rights when they served him food that

2

was not Kosher.

In an order dated January 3, 2008, Judge Shabaz denied the motion for reconsideration on the ground that "plaintiff [had] not alleged facts that support any additional claims." Although plaintiff's motion for reconsideration has been denied, given the brevity of Judge Shabaz's screening order, it seems beneficial at this point to clarify for the parties on what claims this court considers plaintiff to be proceeding.

Contrary to plaintiff's apparent belief, Judge Shabaz allowed him to proceed on all of his claims under the First Amendment. Thus, he is proceeding against defendants Frank, Raemisch, Kingston, Thurmer, Wood and Lind on his claims that he was deprived of his right to freely exericse his religion when defendants failed to make a Torah available to him, provided him inadequate nutrition on Kosher meal trays, gave him food that contained ingredients his religion forbids and refused to permit him to wear his Yarmulke "at all times when moving throughout the institution."

Also, I am making it clear that plaintiff is proceeding on his claim that defendant Brown, the food service administrator, and defendant Lind, the food service manager, violated his Eighth Amendment rights by feeding him nutritionally inadequate food. Prisoners must be given sufficient food that is nutritionally adequate. Gilles v. Litscher, 468 F.3d 488, 491 (7th Cir. 2006); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1995)(citations omitted). Plaintiff alleges that the amount of food he received was so

3

inadequate that he lost 16 to 22 pounds over the course of a year and a half and that he suffered hunger pains, fatigue and depression.  Although it will be an uphill battle for plaintiff to prove that the caloric reduction in his diet resulted in a diet that was so nutritionally inadequate that it was detrimental to his health, the allegations of his complaint are sufficient at this early stage to allow him to proceed on the claim.

Plaintiff is proceeding as well on his claim that defendants Brown and Lind violated the Fourteenth Amendment's equal protection clause when they discriminated against him on the basis of his religion by reducing the number of calories in his Kosher diet and offering more calories to prisoners practicing other religions.  Again, plaintiff's allegations are minimally sufficient to allow him to proceed.  At a later stage, plaintiff will have to prove that other prisoners are in fact receiving more favorable treatment and that defendants Brown and Lind are intentionally directing that treatment because of plaintiff's religion. Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 766 (7th Cir. 20030 (citing Griffin High School v. Illinois High School Athletic Assoc., 822 F.2d 671, 674 (7th Cir. 1987).

Judge Shabaz did not err in dismissing plaintiff's claims against former defendants Casperson and Wallace, who plaintiff alleges "took months to adequately address" his inmate complaints on one or more of these matters.  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are

4

responsible . . . Ruling against a prisoner on an administrative complaint does not cause or

contribute to the violation.")

Entered this 5th day of February, 2008.

BY THE COURT:


/s/

_____

BARBARA B. CRABB
District Judge

5